### JACKSON CO. (COMRS.) v. ISAAC McGHEE ET AL.

**1. PROBATE JURISDICTION—STATUTORY.**

Probate courts can take jurisdiction of no matter or proceeding unless authorized by provision of constitution or statute.

**2. CHAPTER 8, REV. STAT.—NOT APPLICABLE TO COUNTY ROADS.**

By its own terms, chapter eight, Rev. Stat. (Secs. 6414,-6453), does not apply in proceedings by county or township authorities to appropriate private property for roads.

**3. COMPENSATION FOR LAND TAKEN.**

Where land in fact is taken for a turnpike, in case the owner and county commissioners·fail to agree as to the compensation and damages to be paid, the same may be adjusted by proceedings had in the "name" of the "commissioners" in the probate court. Sec. 4761, Rev. Stat.

**4. PROCEEDINGS CORAM NON JUDICE.**

The fact of such disagreement, however, does not authorize an action by the owner in his own name against the board of commissioners, in that court, to recover compensation and damages. Such a proceeding is *coram non judice*. And this also is true of a claim for damages consequent upon a change of grade in a public highway, or for obstructing access thereto.

HEARD ON ERROR.

SIBLEY, J.

On April 25, 1898, Isaac McGhee filed his petition in the probate court of Jackson county, by which he* sought to recover (1) compensation and damages for land alleged to have been taken in the construction of a turnpike over a county road which passed through his premises, and (2) damages growing out of a change in the grade of the old highway, injury of access thereto, etc.

To this a demurrer was interposed, upon two grounds; (1) that the court had "no jurisdiction of the defendant or the subject of the action;" and (2) that the petition did "not state facts sufficient to constitute.a cause of action." This was overruled, the defendant duly excepting.

Afterward, slight amendments were made to the petition, but not in any particular affecting the question of jurisdiction. Later, new parties plaintiff were made. An answer was filed which put in issue the averments of the petition as to taking any land of the plaintiffs, or in other respects injuring their property or rights by the construction of the turnpike. To this a reply was filed. Upon the issues thus made, the case was three times tried in the probate court, with verdicts for the defendant. On the last one judgment was entered.

The case was then taken to the common pleas by proceedings in error. There the judgment was reversed, and the cause set down for trial,—to all of which the defendant objected and excepted. Later, the action was tried, with a verdict for plaintiffs of $76. Motions for a new trial and in arrest of judgment were filed, on the ground of want of jurisdiction, which were overruled, defendant duly excepting. Judgment was thereupon entered against the defendant for the amount of the verdict, and costs; the latter being from eight to nine hundred dollars.

Jackson Co. v. McGhee.

Error is prosecuted to this court to reverse the action in the common pleas. The record shows a bill of exceptions setting out all the evidence on the trial of the case.

But the one question we consider is,—whether or not the probate court was invested with jurisdiction; for, if that was lacking, all the proceedings in the action are manifestly erroneous and void.

The defendants in error, of course, maintain that it had jurisdiction, while the other side strenuously controverts this proposition.

1. All agree that the case does not fall within the jurisdiction conferred on the probate court by the constitution, or in express terms by any statute. It further is conceded, that it cannot be inherent to that court, and so if not given by the proper effect of some legislative act it does not exist.

The controversy finally narrows down, therefore, to a comparison and construction of certain sections of the Revised Statutes.

These are found in the chapter which provides for the laying out and making of turnpikes, secs. 4758-4773, and the later one, authorizing the appropriation of property by corporations, secs. 6414-6453.

Upon a true reading of some of their provisions, the question of jurisdiction hinges.

Section 6448, Rev. Stat., relied on in part by the defendants in error, provides: "When a corporation authorized by law to make appropriation of private property * * has taken possession of, and is occupying or using the land of any person * * and the land so occupied or used has not been appropriated and paid for by the corporation, or is not held by any agreement in writing with the owner thereof, * * such owner or owners or either of them, * * may serve notice in writing, upon the corporation in the manner provided for the service of summons against a corporation, to proceed under this chapter to appropriate the lands, and on failure of such corporation for ten days so to proceed, said owner or owners * * may file a petition in the probate court of the proper county setting forth the fact of such use or occupation by the corporation, that the corporation has no legal or equitable right thereto * * that the notice provided in this section has been duly served, that the time of limitation under the notice has elapsed, and such other facts, including a pertinent description of the land so used and occupied, as may be proper to a full understanding of the facts."

On the filing of such petition, the further provision by sec. 6449, Rev. Stat., also cited by them, is that "a summons shall issue and be served upon the corporation, and thereafter the proceedings in said court shall be conducted to final judgment in all respects as provided in this chapter."

The formal averments of the petition herein sufficiently bring the case within sec. 6448, Rev. Stat., if that can be regarded as applicable, on the other facts alleged, and in an action of this nature, against the board of county commissioners.

Here, indeed, is the core of the controversy, for if that section does not apply, and authorize the institution of this suit, then utter lack of jurisdiction is admitted.

That by force of its own terms, it has any application, is not contended. All the provisions in the chapter of which this section is a part, relate to private corporations only.

But, as if to put the matter beyond dispute, it is expressly provided by sec. 6453, Rev. Stat., that they "shall not apply to proceedings by state, county, township, district, or municipal authorities, to appropriate private property for public uses, or for roads or ditches."

Such cases are left under other provisions of law, therefore, so far as this chapter goes.

But the contention for the application of sec. 6448, and so for jurisdiction, is at least made to rest upon sec. 4761, which specifies how compensation and damages for lands taken to build turnpikes shall be determined, in case the commissioners appointed to lay them out, and the owners, cannot agree upon the amount to be paid.

It is as follows: "When said commissioners and the owner or owners fail to agree as to the amount of compensation and damages, then the same shall be ascertained and determined by the board of county commissioners, and if the said board of county commissioners and the owner or owners fail to agree as to the compensation and damages, or when the owner is unknown, non-resident, or incapable of contracting, then the same shall be ascertained and adjusted by proceedings had in the name of the county commissioners, under the law providing for the appropriation of private property by corporations; provided, however, when any owner or owners not unknown, or not non-residents, or not legally incapacitated from entering into a contract, and said commissioners fail to agree as aforesaid, they shall cause to be filed with the proceedings brought in the name of the county commissioners the amount of compensation and damages by them tendered in writing to such owner or owners, and unless said owner or owners shall be allowed by the jury in said proceedings compensation and damages in excess of the amount allowed and tendered by said commissioners, then said owner or owners shall pay all costs made in said proceedings in the name of the board of county commissioners."

Before considering particularly the material parts of this section, it will aid, perhaps, to glance at the scheme and policy of the chapter in which it is found.

This was enacted in 1869, 66 O. L., 62, and is entitled "An act to authorize county commissioners to locate and construct turnpike roads."

A few amendments since made do not affect its general character, or the construction of the provisions in question.

The bill of rights, sec. 19, clearly implies that, as a prerogative of state sovereignty, private property may be taken for the "purpose of making or repairing roads which shall be open to the public without charge," before making compensation therefor.

The right to this however, is secured, but the time and mode of providing for it are left to a reasonable legislative discretion.

The act, a section of which is under consideration, was evidently framed upon that theory.

Provision is made for the appointment of special commissioners who are authorized to lay out, survey and locate turnpike roads, and for this purpose enter upon lands improved as well as unimproved; to receive grants, or propositions for the sale of rights of way from owners of lands over which roads will pass; and also "to take timber and other materials necessary to the construction and repair of the same."

The statute further provides for a fund that is to be created by donations or taxation, or both, out of which the owners shall be compensated for lands taken, and damages suffered by them through the con-

struction of a road, and from which also shall be paid other costs. or expenses incident thereto.

It is at this point that sec. 4761, Rev. Stat., becomes specially important.

It contemplates an effort amicably to settle the compensation and damages for lands taken, and hence the amounts to which the owners will be entitled, from the fund raised, (1) by arrangement with the commissioners appointed to lay out the road ; and (2) in case they are unable to agree, by referring the matter to the county commissioners.

Should they also fail, then the compensation and damages " shall be ascertained and adjusted," says this statute, " by proceedings had in the name of the county commissioners."

That is its imperative requirement—the one and only mode of procedure which it authorizes, in the contingency for which it provides.

This is emphasized moreover by the clause as to " costs made in said proceedings in the name of the board of county commissioners. "

Manifestly, no right of action against that board was given or intended, so far as the words used import.

Nor is this conclusion altered by the fact that, from this initial point the proceedings are to go forward " under the law providing for the appropriation of private property by corporations."

This still leaves the mandatory declaration that they "shall be  *  *  *  in the name of the county commissioners" wholly untouched, for the reason that in the chapter thus referred to, there is nothing which modifies or in the slightest degree is incompatible with it.

Its provisions merely determine the forum, and the procedure which is ulterior to this requirement of sec. 4761, when the proceedings which it authorizes have been instituted.

Otherwise, its own terms exclude its application to any dispute as to compensation and damages given by the turnpike act.   Hence it is that sec. 6448 gives the defendants in error no help.   By no word or expression does it authorize an action like this, on the subject of action here involved.   Only by a supposed analogy with what it provides, in an entirely different class of cases, can the assumed right to maintain it be deduced.   But the difficulty with this is that if thus read, it is brought into irreconcilable conflict with sec. 4761.   There is abundant room for the operation of each section, according to its fair import.   We are therefore debarred from giving one a construction, the effect of which will be to make it inconsistent with the other.

But even if clauses in these sections may be regarded as in some sense opposed, on the question at issue, the provisions of sec. 4761 must control, because they are not only clear and explicit, but also 'special to the matter in hand ; while those of sec. 6448, to say the most, give nothing in aid of the jurisdiction invoked, except by doubtful inference.

In every view, therefore, it results that the board of county commissioners cannot be made a defendant in such proceedings, except by giving a reading to sec. 4761, which is in the teeth of its plain, positive terms, and that no other provision of law requires.

The authority granted, is to proceed in their name ; that exercised, was the bringing of a suit against them.   One thing was authorized, in other words, and another and wholly different thing done.   For the first the jurisdiction is ample ; for the second it does not appear.

The evident object of the proceedings authorized by section 4761,

is simply to fix the sum to which, as compensation and damages, one whose land has been taken for a turnpike, will be entitled.

This is primarily a question between the special commissioners appointed, and the land owner. When they disagree, the statute refers it to the county board. And if they cannot settle it,—what? An action against them for that purpose? The law answers "no," by saying it "shall" be ascertained by "proceedings" in their "name."

Could language be more explicit?

While sec. 4761, Rev. Stat., is not perfectly clear on the point, apparently if any adverse parties were made in such proceedings, they would be the turnpike commissioners.

The original difference is with them, and it seems to be contemplated that they will make a tender in writing to the land owner of what, in their judgment, is a just compensation and damages, the amount of which shall be "filed with the proceedings," for the purpose of charging the costs upon the party instituting them, unless the jury allows him a larger sum.

In the event of his recovering more, the costs, as part of the expenses incident to making the road, would not be chargeable against the county commissioners, in the absence of provision to that effect, but payable from the fund they are to raise.

Properly regarded, however, the proceedings authorized by this section are not adversary—rather, they seem to be in the nature of an action *in rem*—to determine how much a party is entitled to out of a certain fund.

And obviously no authority is given to bring suit in the probate court, and there, or elsewhere, take judgment against the board of commissioners. As respects property appropriated, none such was needed. Complete relief was open to the owner, by following the directions of the statute, with proceedings in the name of the county commissioners, instead of beginning an action against them. Consequently, there is no call for a strained construction of secs. 4761, and 6448, Rev. Stat., in order to uphold the jurisdiction.

The other branch of the action relates to damages growing out of an alleged change of grade in the old road, occupied by this turnpike, and for making it more difficult of access—less valuable in use.

While it is not separately numbered as such, this, nevertheless, is a distinct cause of action, and one which it may be doubted if sec. 4761 was designed to cover, by the proceedings it authorizes.

The claim relates to injury to an easement, the extent of which scarcely could be ascertained till the road was completed.

But whether it would be within the scope of that section or not, is immaterial, as, to say the least, if it so be held, it cannot sustain the jurisdiction asserted in this action, if otherwise it is not shown.

11. That, however, is not all. The turnpike act, of which sec. 4761 is a part, was passed, as before stated, in 1869. The slight amendments since made, are not material to the point in view. Then, as now, in case of disagreement respecting compensation and damages for land taken, it was provided that the "same shall be ascertained and adjusted by proceedings had in the name" of the "county commissioners."

This, also, was to be "under the laws in force at the time for the appropriation of private property for public use."

Considered with the existing form of the section, enacted in 1892, 92 O. L., 103, this shows its original and settled policy, as to the procedure, if the land owner went into the probate court for relief.

But if his lands have been taken, and rights in a public highway injured by change of grade and obstructed access thereto, he is not without remedy in another forum, where beyond question, complete relief may be given.

The owner in that case can go into the court of common pleas, and recover compensation, and damages in all forms, arising out of the taking of his lands and the making of the road.

This was held in 1876, in an action against a municipality, and we see no reason why the principles thus established will not apply here.

The statutory proceeding authorized, is to be regarded as cumulative to the right to remedy in such cases growing out of the constitutional title to compensation. Youngstown v. Moore, 30 Ohio St., 133 ; Feuchter v. Keyl, 48 Ohio St., 357 ; Smith v. Commissioners, 50 Ohio St., 628.

This furnishes an additional reason why a forced reading of secs. 4761 and 6448, Rev. Stat., should not be given, in order to uphold the jurisdiction of the probate court in the present case.

A proceeding in the mode provided in sec. 4761 could have been instituted if that was the forum chosen, or an action might have been brought in the common pleas.

We are therefore constrained to say that sec. 6448, Rev. Stat., confers no authority to prosecute this suit in the probate court; that sec. 4761, Rev. Stat., in effect forbids it; and consequently that there was no jurisdiction there to entertain the action, either as to the subject thereof, or the party defendant.

On that ground, therefore, the judgment of the common pleas must be, and is, reversed, and the cause dismissed.

*A. E. Jacobs*, Prosecuting Attorney, and *S. F. White*, attorneys for plaintiff in error.

*John T. Moore* and *John W. Higgins*, attorneys for defendants in error.